UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RANDALL W. THAYER**,<br><br>Plaintiff,<br><br>vs.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>Defendant. | 2:20-CV-12693-TGB-PTM<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 19)** |

This matter is before the Court on Magistrate Judge Patricia T. Morris' Report and Recommendation of September 24, 2021, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed. ECF No. 19. The Court has reviewed Magistrate Judge Morris' Report and Recommendation, Plaintiff's objections, and the Commissioner's reply to the objections. ECF Nos. 14, 17. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

1

## I.  BACKGROUND

Randall Thayer is a 56-year-old man who previously worked various maintenance, production, and service jobs. He suffers from depression, anxiety, panic disorder, obsessive-compulsive disorder, and other symptoms that suggest a diagnosis of Parkinson's disease. He also has some cardiac conditions, prediabetes, gastroesophageal reflux disease, hypertension, asthma, obstructive sleep apnea, obesity, and inguinal hernias. He sees a variety of medical professionals in addition to his PCP, including a cardiologist, a psychiatrist, a therapist, and a neurologist, to treat these conditions. ECF No. 14, PageID.947-49.

Mr. Thayer left his last job as a greeter at Walmart around January 31, 2019. He applied for disability benefits as well as supplemental security income on February 1, 2019. ALJ Decision, ECF No. 12, PageID.56. His original application was denied. He requested a hearing before an administrative law judge (ALJ), which occurred on January 21, 2020. The ALJ found that he was not disabled and therefore ineligible for benefits. *Id.* at PageID.53. After the Social Security Appeals Council declined to review his claim, Mr. Thayer sought judicial review of this decision on October 2, 2020. ECF No. 1. Parties timely filed cross motions for summary judgment. ECF Nos. 14, 17. Judge Morris issued a Report and Recommendation resolving the motions. ECF No. 19. Mr. Thayer filed eight Objections (ECF No. 20), to which the Commissioner responded (ECF No. 22). These issues are now before the Court.

## II. STANDARD OF REVIEW

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

This Court must conduct a de novo review (as if it were considering the issues for the first time) of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

For any parts of the report and recommendation reviewed de novo, the Court's judicial review is nevertheless circumscribed: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."[1] *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is not a high standard, requiring "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

---

[1] The ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

## III.   ANALYSIS

The Court notes initially that several of Mr. Thayer's Objections do not "recite precisely the provision of [the] Report and Recommendation" to which they pertain, as required by Judge Morris' order. Nevertheless, the Court will, where possible, relate the Objections to the relevant section of Judge Morris' analysis.

### A.   Objections One and Two are unsupported by the evidence

Plaintiff first objects to the ALJ's consideration of (and presumably, Judge Morris' review of) whether he meets the requirements of Listing 12.04, the listing describing impairment based on depression, bi-polar, or related disorders. Objection One states that the ALJ "overlooked" a medical opinion from a consultative examiner for the agency which he says indicates he is unfit for employment (which would make him eligible under Listing 12.04). But the portion of the opinion that Plaintiff himself cites expressly contemplates the possibility of employment, albeit with restrictions. *See* Record 7F, ECF No. 12, PageID.629. The ALJ makes multiple citations to this medical opinion in her opinion, indicating that she reviewed it. ALJ Hearing Decision, PageID.61.

Listing 12.04 can also be met if a claimant only shows "marginal adjustment" to the requirements of daily life, despite undergoing treatment. Objection Two states that the ALJ did not appropriately consider the sum of Plaintiff's health issues when she decided that his treatment led to more than a "marginal" ability to carry out his day-to-

4

day functions. This is essentially a request to re-weigh the evidence in the record, which is not the Court's role if the ALJ's decision is supported by substantial evidence. Here, it is: both the ALJ and Judge Morris note the substantial evidence in the record that Mr. Thayer can successfully engage in day-to-day life activities, such as shopping, driving, cooking, as long as the tasks are simple and he maintains a "modest and consistent treatment regimen comprised of medication and therapy." ECF No. 19, PageID.1039. The Court cannot overturn this finding. Objections One and Two are overruled.

### B. Objections Three and Seven lack the required specificity

The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Objection Three does not point out the Magistrate Judge's error (in fact, it indicates that the Magistrate Judge was correct in her assessment of the law). ECF No. 20, PageID.1065. Objection Seven reiterates details about the Plaintiff's obesity, but does not indicate what specific part of the ALJ's or the Magistrate Judge's analysis should have taken into account obesity but failed to do so. *Id.* at PageID.1068. Objections Three and Seven are overruled.

### C. Objections Four, Five, and Six ask for impermissible reconsideration of the evidence

Objections Four, Five, and Six are related: they allege error in the ALJ's development of a residual functioning capacity[2] ("RFC") that included a light work capacity at a full-time 40 hours per week. In Objection Four, he points out that three of his treating physicians indicated he should have a less than 40-hour-per week work schedule. But ALJs are no longer required to give treating physicians special weight, and instead must make a credibility determination in deciding how much emphasis to give their findings. 20 C.F.R. § 404.1520c. The ALJ here seems to have done so. She noted that these doctors did not provide any support for their suggested limitations, making them unpersuasive (ECF No. 12, PageID.66-67); she also noted record evidence that Plaintiff is generally capable of light work if he is appropriately utilizing medication to be more persuasive in determining how much work Plaintiff is capable of (ECF No.12, PageID.69). Most importantly, however, this issue is raised for the first time in an Objection. A plaintiff cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate," and therefore the Court cannot consider this issue. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

---

[2] This is the administrative assessment of the maximum capacity a claimant has to engage in work after taking into consideration any physical or psychological impairments they suffer from.

Objection Five is similar to Objection Two in that it asks the Court to re-weigh evidence: Mr. Thayer objects that the ALJ should have found his various non-severe impairments, when taken together, to impose restraints on his time and attention. ECF No. 20, PageID.1067. But the ALJ expressly noted consideration of his various non-severe limitations in developing her RFC finding, and as Judge Morris noted that is all the law requires her to do. *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) ("Once one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe."). There is no threshold beyond which a sum of non-severe limitations automatically leads to a finding of disability.

He also indicates in Objection Six that it was error to not incorporate his various medical appointments into a consideration of whether he could work a 40-hour week. But as the ALJ and Judge Morris both noted, there is no evidence in the record from Plaintiff's doctors indicating that Plaintiff's medical appointments or emergencies are so numerous. The mere fact that he has multiple doctors cannot lead to an inference that he would be precluded from working a full schedule because of doctor's appointments. *See Beck v. Comm'r of Soc. Sec.*, No. 19-cv-2320, 2020 WL 5417536, at *4 (N.D. Ohio Sept. 10, 2020) (finding that a calendar of appointments does not "speak for itself" in terms of its impact on a disability finding."). These three Objections are therefore overruled.

### D. Objection Eight repeats previous arguments

Objection Eight objects to the hypothetical posed to the vocational expert, but upon a close reading largely repeats previous arguments about the development of the RFC. This Objection is overruled.

The Court acknowledges that Mr. Thayer's health conditions present serious challenges that affect his day-to-day life. But the Court's review is limited to issues of incorrect application of the law or insufficient factual evidence, and Mr. Thayer's Objections do not meet that standard.

### CONCLUSION

For all of the above reasons, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Morris' Report and Recommendation (ECF No. 19) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED**, Defendant's motion for summary judgment (ECF No. 17) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

**SO ORDERED** this 16th day of February, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge